|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN FOWLER,

           Plaintiff,

   v.

CAROLYN W COLVIN, Acting
Commissioner of Social Security,

           Defendant.

CASE NO. 3:16-CV-05631-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff Brian Fowler has filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in finding Plaintiff's diagnosis of migraines was not a severe impairment at Step Two. The ALJ failed to properly consider this severe impairment at Step Three and when determining Plaintiff's residual functional capacity. Therefore, the error at Step Two is harmful. Accordingly,

this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On February 27, 2015, Plaintiff filed applications for DIB and SSI, alleging disability as of July 16, 2012. *See* Dkt. 9, Administrative Record ("AR") 18. The applications were denied upon initial administrative review and on reconsideration. *See* AR 18. A hearing was held before ALJ Cynthia Rosa on November 20, 2015. *See* AR 38-86. In a decision dated February 16, 2016, the ALJ determined Plaintiff to be not disabled. AR 18-33. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6, 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ failed to properly: (1) evaluate Plaintiff's migraine headaches under Steps Two through Five of the sequential evaluation process; and (2) consider the disability determination assessed by the U.S. Department of Veterans Affairs ("VA"). Dkt. 11, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I.  Whether the ALJ erred by finding Plaintiff's diagnosis of migraines was not a severe impairment at Step Two.**

Plaintiff asserts the ALJ erred by failing to find Plaintiff's diagnosis of migraines[1] was a severe impairment at Step Two. Dkt. 12. Plaintiff contends this error impacted the remaining steps in the sequential evaluation process resulting in harmful error. *Id*.

A.  Legal Standard

Step Two of the administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (*quoting* 20 C.F.R. §140.1521(b)). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* (*quoting Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling ("SSR") 85-28)).

---

[1] Throughout the record, treatment notes show Plaintiff was diagnosed with headaches and migraines. Both headaches and migraines cause pain in the head and neck region. For clarity, the Court will refer to Plaintiff's impairment as "migraines" and will consider records referencing both Plaintiff's headaches and migraines in determining if the ALJ erred at Step Two.

B.  ALJ's Findings

At Step Two, the ALJ found Plaintiff's diagnosis of migraines was not a severe impairment. AR 21. The ALJ stated:

> The claimant's allegations of disabling headaches are not supported by the record and, therefore are not severe. The claimant alleges that his headaches can last up to four to five days. The claimant alleges that he gets two to three migraines weekly. He alleges that migraines preclude him from all activities and if he takes the medication and (sic) puts him to sleep for hours. At the hearing the claimant testified that he now gets three to four migraines per week. It should be noted that the claimant inconsistently alleges getting almost no sleep but then also reports migraine medication that puts him to sleep for hours. This is one of the many inconsistencies detailed throughout the record. The claimant did report headaches in the record, but they were generally not as incapacitating as he has described in his efforts to obtain benefits. For example, on January 22, 2013, the claimant reported a five day headache. He was still observed to be pleasant and in no acute distress during the examination. The headaches respond to over the counter medicine and no cognitive problems were observed by the examiner. More recently the claimant requested medication for his headaches, but he denied vomiting, dizziness, or loss of balance. The claimant's headaches cause no more than minimal limitation in basic work activities. Therefore, they are not severe.

AR 21 (internal citations omitted).

The ALJ found Plaintiff's allegations of "disabling headaches" to be not severe because Plaintiff's complaints were inconsistent with the record. AR 21. The medical evidence shows Plaintiff was diagnosed with headache syndrome in September of 2012. AR 749. Plaintiff reported increased headaches in January of 2013. AR 537, 539. He was prescribed Toradol for his headaches. AR 539. VA records show headaches, not otherwise specified, and migraines have been an ongoing problem for Plaintiff since 2012. *See* AR 749, 1016, 1180.

On April 9, 2015, Plaintiff reported over-the-counter medications were no longer managing his migraines. AR 1165. He had a headache for four days and requested medication to treat any future migraines. AR 1065. On April 16, 2015, Plaintiff's treating physician prescribed Imitrex and Fiorcet for Plaintiff's migraines. AR 1154-55. In July 2015, Plaintiff was

experiencing episodic dizziness and migraines two times per week. AR 1273. Plaintiff was prescribed Propranolol for migraine prevention. AR 1274. Plaintiff did not respond well to Propranolol and was prescribed Imitrex injections. AR 1260, 1224. Plaintiff was assessed as having migraines. AR 1260. Dr. John Robinson, Ph.D., a state agency non-examining psychologist, opined Plaintiff's migraines were a severe impairment. AR 92. Further, the VA found Plaintiff's migraines resulted in 30% disability rating as of April 9, 2014. AR 325.

The evidence shows Plaintiff "can't do anything" when he has a migraine. AR 298. He lays down in a dark room and takes Imitrex, which causes him to sleep three to five hours. AR 298. During a migraine, Plaintiff experiences light sensitivity, nausea, decreased appetite, tiredness, vomiting, and severe pain. AR 298. The record also shows Plaintiff missed appointments due to his migraines. *See* AR 1231-32, 1257, 1259. Plaintiff reports migraines occur two to three times per week and a migraine can last from two hours to two days. *See* AR 298, 1227, 1260, 1273.

The ALJ failed to discuss the objective medical evidence showing Plaintiff was diagnosed with and treated for migraines. *See* AR 21. Furthermore, the ALJ gave great weight to the opinion of Dr. Robinson, but failed to consider his opinion that Plaintiff's migraines are a severe impairment. *See* AR 21, 30. As the ALJ failed to discuss significant, probative evidence regarding Plaintiff's migraines, she erred in finding Plaintiff's migraines were not a severe impairment at Step Two. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (an ALJ "may not reject significant probative evidence without explanation").

The Court also notes the ALJ's reasons for finding Plaintiff's migraines not severe at Step Two are insufficient. First, the ALJ found Plaintiff's complaints were inconsistent with the record, but failed to adequately explain the inconsistencies. *See* AR 21. The ALJ noted Plaintiff's

disabling complaints were inconsistent with the record because he alleged getting almost no sleep, but reported his migraine medication makes him sleep for hours. AR 21. Treatment records show Plaintiff was sleeping between three and five hours per night and was having difficulty sleeping due to nightmares and his severe impairment of post-traumatic stress disorder ("PTSD"). *See* AR 825, 1281. Plaintiff reported his migraine medication makes him sleep for three to five hours. *See* AR 298. The ALJ failed to explain how Plaintiff's difficulties sleeping contradict his statements regarding the side effects of his migraine medication. Additionally, the ALJ noted Plaintiff was not suffering from cognitive problems, but failed to explain why Plaintiff's lack of cognitive difficulties were inconsistent with his complaints of "disabling headaches." *See* AR 21.

Without an adequate explanation to support the alleged inconsistencies between Plaintiff's statements and the record, the Court cannot determine if the ALJ's findings provided clear and convincing reasons supported by substantial evidence to discredit Plaintiff's complaints of migraines. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (an ALJ must provide clear and convincing reasons to reject a claimant's testimony).

Second, the ALJ erred by failing to consider the entire record when finding Plaintiff's complaints were inconsistent with the record. *See* AR 21. The ALJ found Plaintiff's complaints were not supported by the record because he was not in acute distress[2] when he was treated for a

---

[2] The ALJ cited to a treatment record showing Plaintiff was seen for a headache on January 22, 2013. AR 549. He reported he had been having a headache for five days, was taking over-the-counter medications, and endorsed photosensitivity, scotomata, and auras. AR 549. The treatment note states Plaintiff was pleasant and "NAD

five-day migraine in 2013 and he managed his migraines with over-the-counter medicine. AR 21. The records cited by the ALJ reference Plaintiff's migraines in 2012 and 2013, during a period when Plaintiff was able to manage his migraines with over-the-counter medicine. *See* AR 21, 550, 976. The ALJ failed to consider the record as a whole, which shows Plaintiff's migraines worsened in 2015, when she relied on two treatment notes from 2012 and 2013 to find Plaintiff's migraines were not severe. The ALJ further noted Plaintiff requested medication for migraines, but was not suffering from vomiting, dizziness, or loss of balance. AR 21. It is again unclear why Plaintiff's single report that he was not suffering from vomiting, dizziness, or loss of balance during one migraine outweighs the medical evidence showing he suffers from photosensitivity, nausea, decreased appetite, tiredness, vomiting, and severe pain when he has a migraine. AR 298, 549. The ALJ's failure to consider the entire record when finding Plaintiff's complaints of "disabling headaches" not severe is error. *See* AR 21; *Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (finding an ALJ must not "cherry-pick" certain observations without considering their context); *Hutchinson v. Colvin*, 2016 WL 6871887, *4 (W.D. Wash., Nov. 22, 2016) (noting the ALJ's treatment of the evidence of record at Step Two suggested improper "cherry-picking" to support the ALJ's decision "while failing to address aspects of the record supporting a finding of severe limitations").

The ALJ failed to discuss significant, probative evidence showing Plaintiff's migraines are a severe impairment and failed to provide adequate reasons for finding Plaintiff's migraines to be "not severe" at Step Two. Therefore, the ALJ erred when she found Plaintiff's migraines were not a severe impairment.

---

VS noted." AR 549. It appears the ALJ interprets the treatment note to mean Plaintiff was in no acute distress, rather than "no abnormality detected in vital signs noted." *See* AR 21. The Court notes the ambiguity in the treatment note should be clarified before the ALJ relies on the abbreviation to discredit Plaintiff's disabling complaints.

The evidence shows Plaintiff's diagnosed impairment of migraines has more than a minimal impact on his ability to work. He has migraines two or more times per week, and when a migraine occurs he must lie down in a dark room and take medication that makes him sleep for three to five hours. There is also evidence showing Plaintiff suffers from light sensitivity, nausea, decreased appetite, tiredness, vomiting, and severe pain during migraines. The Court finds Plaintiff's migraines are a severe impairment.

C.  Harmless Error

Defendant argues, even if the ALJ erred at Step Two, Plaintiff failed to show the error was harmful. Dkt. 12. "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)). If the ALJ accounts for all Plaintiff's limitations in assessing the residual functional capacity ("RFC"), the Step Two error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Had the ALJ found Plaintiff's migraines to be a severe impairment at Step Two, she would have been required to determine if Plaintiff's migraines met Listing 11.03 at Step Three. The ALJ did not determine if Plaintiff's migraines met Listing 11.03.  Further, while the ALJ referenced two opinions finding Plaintiff had migraines, it does not appear she considered

Plaintiff's migraines or the limitations caused by his migraines when considering the RFC. Therefore, the Court cannot determine if the ALJ properly considered Plaintiff's migraines and the associated limitations caused by this severe impairment when determining the RFC and at Steps Four and Five of the sequential evaluation process. Evidence in the record indicates Plaintiff suffers from migraines at least two times per week and he stays in a dark room and sleeps for several hours after the onset of a migraine. Had the ALJ properly considered Plaintiff's migraines at Step Two, she may have found Plaintiff met a Listing at Step Three and the RFC assessment and hypothetical question posed to the vocational expert, Patricia Ayerza, may have included additional limitations. As the ALJ's failure to properly consider Plaintiff's migraines at Step Two and throughout the remaining sequential evaluation process impacts the ultimate disability decision, it is not harmless.

II. **Whether the ALJ erred by failing to properly consider the disability determination assessed by the VA.**

The ALJ's error at Step Two requires remand to the Administration to properly consider Plaintiff's severe impairments and to reconsider each of the remaining steps in the administrative process incorporating the additional severe impairment of migraines and the work limitations possibly caused by this severe impairment. As the ALJ's error at Step Two impacts all aspects of the ALJ's decision, the ALJ is instructed to re-evaluate this entire matter on remand. Thus, it is unnecessary to address the other issue raised in Plaintiff's appeal.[3]

---

[3] The Court notes the ALJ "must ordinarily give great weight to a VA determination of disability." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). However, the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)). If, on remand, the ALJ determines less weight should be afforded to the VA's disability determination, she must clearly articulate her reasons for doing so.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 11th day of January, 2017.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10