1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10   BRIAN FOWLER,

11                  Plaintiff,                     CASE NO. 3:16-CV-05631-DWC

12        v.                                       ORDER ON MOTION FOR
                                                   ATTORNEY'S FEES
13   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,[1]
14
                    Defendant.
15

16        Plaintiff Brian Fowler filed a Motion for Equal Access to Justice Act (EAJA) Attorney

17   Fees and Expenses. Dkt. 16. Defendant asserts her position in this matter was substantially

18   justified and requests no fee be awarded. Dkt. 17. Pursuant to 28 U.S.C. § 636(c), Federal Rule

19   of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter

20   heard by the undersigned Magistrate Judge. *See* Dkt. 6.

21

22   _____

23        [1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is
     substituted as Defendant for former Acting Commissioner Carolyn W. Colvin. 42 U.S.C. § 405(g); Fed. R. Civ. P.
24   25(d)(1).

The Court concludes Defendant's position was not substantially justified. Accordingly, Plaintiff's Motion is granted.

## Background and Procedural History

On January 11, 2017, the Court found the ALJ erred in finding Plaintiff's diagnosis of migraines was not a severe impairment at Step Two of the sequential evaluation process. Dkt. 14. The Court found the error was harmful, reversed the ALJ's decision, and remanded the case to the Social Security Administration ("Administration") for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). *Id.*

On March 14, 2017, Plaintiff filed the Motion. Dkt. 16. Defendant filed a Response, Dkt. 17, and on March 27, 2017, Plaintiff filed his Reply. Dkt. 18.

## Discussion

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th

Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37.

## I.     Substantially Justified

In this matter, Plaintiff was the prevailing party because he received a remand of the matter to the administration for further consideration. *See* Dkt. 14, 15. To award a prevailing plaintiff attorney's fees, the EAJA also requires finding the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held "substantially justified" means "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A "substantially justified position must have a reasonable basis both in law and fact." *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (*citing Pierce*, 487 U.S. at 565; *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)). The Court "'must focus on two questions: first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court.'" *Id.* at 1259 (*quoting Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). Thus, for the government to prevail, it must establish both the ALJ's underlying conduct and its litigation position in defending the ALJ's error were substantially justified. *Id.* "[I]f 'the government's underlying position was not substantially justified,'" the Court must award fees and does not have to address whether the government's litigation position was justified. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (*quoting Meier v. Colvin,* 727 F.3d 867, 872 (9th Cir. 2013)). The Court notes the Administration does not have to prevail on the merits for the

1  Court to conclude the Administration's position was substantially justified. *See Kali*, 854 F.2d at

2  334.

3      Here, the Court concluded the ALJ erred in failing to find Plaintiff's migraines to be a

4  severe impairment at Step Two of the sequential evaluation process. Dkt. 14. The Court found

5  the ALJ failed to discuss objective medical evidence showing Plaintiff was diagnosed with and

6  treated for migraines. Furthermore, the ALJ gave great weight to the opinion of Dr. Robinson,

7  but failed to consider his opinion that Plaintiff's migraines are a severe impairment. *See* AR 21,

8  30. As the ALJ failed to discuss significant, probative evidence regarding Plaintiff's migraines,

9  the Court found she erred in finding Plaintiff's migraines were not a severe impairment at Step

10 Two. *See* Dkt. 14; *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (an ALJ "may not

11 reject significant probative evidence without explanation").

12     The Court also found the ALJ's reasons for finding Plaintiff's migraines not to be a

13 severe impairment were insufficient. *See* Dkt. 14. The ALJ found inconsistencies between

14 Plaintiff's complaints of migraines and the record; however, she failed to adequately explain the

15 alleged inconsistencies. *See id.*; *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)

16 (an ALJ must provide clear and convincing reasons to reject a claimant's testimony). She also

17 failed to consider the entire record when finding Plaintiff's complaints were inconsistent with the

18 record. Dkt. 14; *see Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (finding an ALJ

19 must not "cherry-pick" certain observations without considering their context).

20     After finding the ALJ erred, the Court concluded the error was harmful because, had the

21 ALJ properly considered Plaintiff's migraines at Step Two, she may have found Plaintiff met a

22 Listing at Step Three and the residual functional capacity assessment and hypothetical question

23 posed to the vocational expert may have included additional limitations. *See* Dkt. 14.

24

Defendant argues her position was substantially justified because her "harmless error" argument had a reasonable basis in law and fact; however, Defendant does not argue the ALJ's underlying decision was substantially justified. Dkt. 17. As stated above, the Court found the ALJ failed to properly consider significant, probative evidence when determining if Plaintiff's migraines were a severe impairment at Step Two. *See* Dkt. 14. Further, the ALJ failed to provide adequate reasons for finding Plaintiff's migraines to be "not severe." *Id*. As the ALJ failed to discuss significant, probative evidence and failed to provide specific and legitimate reasons for finding Plaintiff's migraines "not severe," the Court finds the Administration's underlying position was not substantially justified. *Meier*, 727 F3d at 872 (there is a strong indication the government's position was not substantially justified when the agency's decision is unsupported by substantial evidence); *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) ("the defense of basic and fundamental errors . . . is difficult to justify").

The Administration has not shown substantial justification for the ALJ's underlying decision. Further, there are no special circumstances which render an EAJA award in this matter unjust. Accordingly, the Court finds Plaintiff is entitled to attorney's fees under the EAJA. *See Meier*, 727 F.3d at 872; *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007) ("[W]e have consistently held that regardless of the government's conduct in the federal court proceedings, unreasonable agency action at any level entitles the litigant to EAJA fees."); *Tobeler*, 749 F.3d at 834. ("Because the government's *underlying* position was not substantially justified, we award fees, even if the government's *litigation* position may have been justified." (emphasis in original)).

## II.    Reasonableness of Fee

Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7.

Here, Defendant does not challenge the reasonableness of the fee. Further, based on the facts and circumstances of this matter and the briefing, declarations and attorney time sheet, the Court concludes the amount of time incurred by Plaintiff's attorney in this matter is reasonable. *See* Dkt. 16 – 16-4, 17, 18. Specifically, the Court finds Plaintiff's request for expenses in the amount of $4.31 and attorney's fees in the amount of $4,711.03, representing 24.45 hours of work, for a total award of $4,715.34 reasonable. *See* Dkt. 16.

### Conclusion

For the above stated reasons, the Court hereby grants Plaintiff's Motion as follows:

Plaintiff is awarded $4.31 in expenses.

Plaintiff is awarded attorney's fees in the amount of $4,711.03, representing 24.45 hours of work, for a total award of $4,715.34, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010).

The Acting Commissioner shall contact the Department of Treasury to determine if the EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office of General Counsel that Plaintiff does not owe a debt, the government shall honor Plaintiff's assignment of EAJA Award and pay the EAJA Award directly to Janet Leanne Martinez, Plaintiff's counsel. If there is an offset, any remainder shall be made payable to Plaintiff, based on the Department of the Treasury's Offset Program and standard practices, and the check shall be mailed to Plaintiff's counsel at Douglas Drachler McKee & Gilbrough, 1904 Third Avenue, Suite 1030, Seattle, Washington 98101.

Dated this 20th day of April, 2017.

David W. Christel
United States Magistrate Judge